143

(No. 84-CC-1895–)

J OHN D UFFY, Claimant, *v.* T HE S TATE OF I LLINOIS, Respondent.

*Opinion filed August 6, 1986.*

D ANIEL L AMPITT, for Claimant.

N EIL F. H ARTIGAN, Attorney General (W ILLIAM E. W EBBER, Assistant Attorney General, of counsel), for Respondent.

R AUCCI, J.

On January 30, 1984, Claimant, John Duffy, filed this claim for $48,756.00 for back pay which had been refused by the Illinois Bureau of Employment Security on the grounds that the funds appropriated for the payment had lapsed. A hearing was held before the assigned Commissioner on February 20, 1985. The State called no witnesses and filed no brief after advising the Court on July 22, 1985, that no brief would be filed.

At the hearing, the State stipulated that the only issues before the Court were the amount owed to the Claimant and did Claimant sufficiently mitigate his damages. The departmental report indicated the claim was a result of unlawful discrimination determined pursuant to the Human Relations Commission or Department of Human Rights. The report also indicated that during the period covered by the claim, Claimant would have earned $48,756.00 and that sufficient funds

were available for transfer under the 2% transferability provision to cover this and all related claims.

The issues before the Court then are what exact amount is due the Claimant and did Claimant sufficiently mitigate his damages during the period in which he was not employed by Respondent. The period involved is from April 1, 1980, until June 30, 1983.

Rita Bartholomew testified for the Claimant that she was Placement Director for the University of Illinois, Graduate School of Library and Information Service. The Claimant had used the placement services over 30 times in sending out his credentials. However, most of the use was prior to April 1, 1980, and after June 30, 1983. The Claimant did make at least as much or more effort to seek employment through her services than others would.

Judy Cadle testified for Claimant that she was president of a typing service. Commencing in March of 1980 through November of 1983, her service typed about 200 employment seeking letters for Claimant.

The Claimant testified that he had received all back pay due from July 1, 1983, until he actually started working on November 16, 1983. He had also received all credit for all vacation and personal leave days from April 1, 1980, until November 16, 1983. He is a college graduate. After being turned down for a job with the State, he filed his complaint with the Human Rights Commission. He received a favorable decision in March of 1983. During the time he was awaiting a decision, he was looking for a job. His job search consisted mainly of looking for positions in the field of library science. He went to the placement office once a week, sent letters and used other sources to look for a job. He used the

facilities of the University of Georgia, the University of Florida and professional journals to seek employment. He also applied for positions with the State of Illinois. He received a few interviews but no job. Claimant had had other jobs in the past. He had worked for the State and for a private employment service. Claimant is disabled, has cerebral palsy and is confined to a wheelchair.

During the period in question, Claimant did take independent study, zero credit courses and some social work courses. He was actively seeking employment from April 1, 1980, through June 30 of 1983.

In cross-examination, Claimant testified he worked for about a year on a research paper, however, he mainly worked on this in the evening. Claimant has poor control of his hands so he cannot do assembly type work. He received no unemployment compensation and had no employment or self-employment income during the relevant period.

We find that the Claimant made sufficient efforts to mitigate under the circumstances and hereby grant him an award of $48,756.00 plus appropriate employer contributions and less appropriate employee deductions as more fully set forth in Appendix A attached hereto and incorporated herein.

## APPENDIX A

Identification of the State Contributions and Deductions from Back Salary Award.

To the State Employees' Retirement System:

| | |
|---|---|
| Employee's contribution to State Employees' Retirement System | 1,950.24 |
| Employee's contribution to FICA | 3,206.93 |

| | |
|---|---|
| State's contribution to State Employees' Retirement System | 2,886.00 |
| State's contribution to FICA | 3,206.93 |

To Illinois State Treasurer to be remitted to Internal Revenue Service:

| | |
|---|---|
| Claimant's Federal income tax | 9,751.20 |

To Illinois Department:

| | |
|---|---|
| Claimant's Illinois income tax | 1,218.90 |

To the Claimant:

| | |
|---|---|
| Net salary | 32,628.73 |

Total Award $54,848.93